108 F.3d 1384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AT & T COMMUNICATIONS, INC., California; MCI
Telecommunications Corporation; Sprint
Communications Company L.P., Plaintiffs-Appellees,
v.
PACIFIC BELL; Pacific Telesis Group; Pacific Bell Extras;
Pacific Bell Communications, Defendants-Appellants.
 No. 96-16476.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1997.
Decided March 14, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pacific Bell and its affiliates appeal from a preliminary injunction barring them from using and disclosing for purposes of their awards program the long-distance billing information they receive from plaintiffs AT & T, MCI and Sprint. We affirm.
 
 
 3
 On an appeal from a preliminary injunction, this court exercises limited review. We reverse only if the district court relied on an erroneous legal premise or abused its discretion. See Gregorio T. v. Wilson, 59 F.3d 1002, 1004 (9th Cir.1995). We do not review the underlying merits of the case, and we will not reverse simply because we would have arrived at a different result if we had applied the law to the facts of the case. See Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 673 (9th Cir.1988).
 
 
 4
 Applying this standard, we do not think the district court abused its discretion in finding that plaintiffs had shown a probability of success on the merits of their claims. The use and disclosure of the billing information for the awards program appear to breach the terms of the billing agreements between plaintiffs and Pacific Bell. This activity may well also violate the Telecommunications Act and constitute a misappropriation of trade secrets. In addition, the district court's finding that allowing Pacific Bell to continue using plaintiffs' billing information in its awards program could cause them irreparable harm was not clearly erroneous. As a result, the district court did not abuse its discretion in granting the injunction.
 
 
 5
 Pacific Bell argues that the district court misapprehended the law because 47 U.S.C. § 222(c)(2), part of the Telecommunications Act of 1996, would in effect bar all of plaintiffs' claims. Whether or not this contention has merit, plaintiffs do not appear to have relied on it specifically in the district court, and the district court does not appear to have considered it as a separate argument. As a result, we decline to address it on appeal. We note that determining whether and how subsection (c)(2) applies to this case may require additional factual findings that are more properly made in the district court than in this court on a limited appellate record. Pacific Bell of course remains free to move the district court to modify or vacate its injunction on the basis of this provision.
 
 
 6
 We thus conclude that the district court did not misapprehend the law or rely on an erroneous legal premise. As a result, we AFFIRM the grant of the preliminary injunction.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3